UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Meirra Rush, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>-v.-<br><br>London & London; Midland Credit Management, Inc.,<br><br>Defendant(s). | C.A. No: 3:23-cv-120<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Meirra Rush (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the defendants London & London ("London") and Midland Credit Management, Inc. ("Midland") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Connecticut consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Connecticut, County of New Haven.

8. Defendant London is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with a principal place of business located at 48 Christian Lane, Newington, Connecticut 06111.

9. Upon information and belief, Defendant London is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and is registered to accept service of process through its registered agent, c/o Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

11. Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in Connecticut;

    b. to whom the Defendant London sent a collection letter attempting to collect a consumer debt on behalf of Midland;

    c. wherein, despite being time-barred by the applicable statute of limitations, the letter fails to same;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, despite being time-barred by the applicable statute of limitations, violate 15 U.S.C. §§ l692e and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

 b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form

        attached as Exhibit A, despite being time-barred by the applicable statute of limitations, violate 15 U.S.C. §§ l692e and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference paragraphs 1-20 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to November 14, 2022, Plaintiff allegedly incurred an obligation to non-party Capital One, N.A. ("Capital One").

23. The Capital One obligation arose out of transactions which were primarily for personal, family or household purposes, specifically personal credit.

24. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. According to the Letter (defined below), Midland purchased the defaulted Capital One account.

27. Defendant Midland collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

28. According to the Letter (defined below), Midland placed the debt with the Defendant London to collect upon.

29. Defendant London collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. Defendant Midland has policies and procedures in place that govern the Defendant London's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant Midland's control over the Defendant London's collection practices.

31. By virtue of the relationship between the two Defendants, Defendant Midland exercised control over the Defendant London while the latter was engaged in collecting the subject debt on behalf of the former.

32. Therefore, Defendant Midland should be held vicariously liable for any and all violations committed by the Defendant London.

33. Therefore, both Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### *Violations – November 14, 2022 Collection Letter*

34. On or about November 14, 2022, Defendants sent the Plaintiff a collection letter (the "Letter") regarding the debt originally owed to Capital One. (*See* "Letter" at Exhibit A).

35. The Letter sets forth that the purpose of the communication is to collect a debt.

36. The Letter sets forth that Midland purchased the debt on March 20, 2020.

37. The Letter sets forth that as of February 22, 2020, Plaintiff owed $2,739.43 on the debt and that no interest, fees, payments or credits have accrued since.

38. However, upon information and belief, the last payment made on this debt was made over three years before the Letter was issued.

39. Accordingly, upon information and belief, the debt is time-barred from being judicially enforced by the applicable statute of limitations, but the Letter failed to disclose same.

40. Moreover, upon information and belief, the itemization date selected of February 22, 2020, appears to be completely insignificant and arbitrary, except that it leaves out the last payment/default date concerning the debt.

41. Accordingly, the Letter is deceptive and misleading.

42. The Letter leaves the Plaintiff with only one option which is to call the Defendants to get even the most basic information about this debt.

43. Plaintiff was fearful to call and be pressured to take an action she may not have wanted to take.

44. The misrepresentation concerning the statute of limitations left the Plaintiff concerned that the Letter was fraudulent and/or a scam.

45. Plaintiff therefore was unable to make payment on the debt.

46. Providing the consumer with the accurate legal status of the debt is the most basic step to validating the debt.

47. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

48. In reliance on the Letter, Plaintiff spent time and money in an effort to mitigate the risk of future reputational and financial harm, in the form of the Defendants' negative credit information furnishment, and ultimate dissemination to third parties.

49. Plaintiff also suffered from stress, which manifested physically in the form of increased heartrate, because of the Defendants' improper acts.

50. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

51. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

52. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion and defamation.

53. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

54. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

55. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

56. These violations by the Defendants were unconscionable, knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adapted to avoid any such violations.

57. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

59. As described above, Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

60. As described above, Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

61. As a result of the Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

62. Plaintiff incorporates by reference paragraphs 1-61 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendants violated §1692e:

   a. As the Letter falsely represents the true character and/or amount of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations/omissions in violation of §1692e(10).

66. By reason thereof, Defendants are liable to the Plaintiff for judgment in that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

67. Plaintiff incorporates by reference paragraphs 1-67 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70. Defendants violated this section by continuing to collect the debt from the Plaintiff without providing proper validation, including overshadowing the amount due with misinformation as to its legal enforceability, following the Plaintiff's dispute and/or request for validation.

71. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Meirra Rush, individually and on behalf of all others similarly situated demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel, as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.	Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 31, 2023

Respectfully Submitted,
**Stein Saks, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff*